IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY FUND,<br><br>    Plaintiff,<br><br>  v.<br><br>CONSUELO LOPEZ,<br><br>    Defendant.<br>_____ / | No. C-10-02644 EDL<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S ORAL MOTION TO REMAND** |

On October 19, 2010, the Court held the initial case management conference in this matter. Plaintiff Community Fund appeared telephonically through counsel Edward Nagy. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Defendant, who is proceeding pro se, did not appear at the case management conference. Defendant did not file a case management conference statement, nor did she respond to court notices regarding consent to magistrate judge jurisdiction. According to Plaintiff, Defendant has been evicted from the address she listed as her address of record with the Court, and she has not provided an updated address to the Court or Plaintiff.

At the case management conference, Plaintiff made an oral motion to remand this matter based on lack of subject matter jurisdiction as described in counsel's declaration that was filed with the case management statement. Because all parties have not consented to the Court's jurisdiction, the Court issues this Report and Recommendation that recommends granting Plaintiff's oral motion, and reassigns this case to a district judge.

**Background**

This action began as a residential unlawful detainer action filed by Plaintiff in Alameda County Superior Court on March 11, 2010. Plaintiff alleges that it is the owner of and entitled to

immediate possession of the real property located at 22585 Sonoma Street, Hayward, CA 94541. Compl. ¶¶ 3, 4.  Defendant failed to pay rent under her five-year lease of the Sonoma Street property.  Compl. ¶ 6.

Plaintiff alleges that on March 1, 2010, Plaintiff served Defendant a written three-day notice to quit or pay rent.  Compl. ¶ 7: Ex. A.  Defendant did not deliver possession of the property within three days.  Id.  The reasonable rental value of the property is $48.33 per day.  Compl. ¶ 11.

Defendant filed a motion to quash in state court, which was denied.  See Declaration of Edward Nagy at 1.  The state court subsequently overruled Defendant's demurrer to the complaint.  Id. at 2.  Defendant filed an answer in state court and the matter was set for trial on June 24, 2010.  Id.

On June 16, 2010, Defendant removed the unlawful detainer case to this Court.  Defendant then failed to appear for trial on June 24, 2010, and the state court awarded judgment to Plaintiff.  Nagy Decl. at 2.  Defendant filed an appeal in Alameda County Superior Court Appellate Division within the time allowed.  Nagy Decl. at 2.

The eviction was eventually scheduled for July 27, 2010, and on that date, Plaintiff's possession of the property was restored.  Nagy Decl. at 2.  Neither Plaintiff nor Plaintiff's counsel has had any contact with Defendant since the date of the eviction.  Id.  Plaintiff did not become aware of the Notice of Removal of this case to this Court until Defendant filed a post-judgment motion to vacate.  Id.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

**No Federal Court Jurisdiction**

### A.  No Federal Question Jurisdiction

Defendant based removal on federal question jurisdiction. See Notice of Removal at 1-2. Plaintiff responds that the complaint only alleged a single, state law unlawful detainer claim.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. Id.

Here, the face of the complaint, which asserts one state law claim only, does not provide any ground for removal. Therefore, remand is proper because the complaint, on its face, does not arise under federal law.

### B. No Diversity Jurisdiction

Although Defendant does not ground her removal on the basis of diversity jurisdiction, the Court notes that diversity jurisdiction does not exist. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The face of the complaint shows that the statutory minimum has not been met, as the cover page states in the caption, "Amount demanded does not exceed $10,000." Notice of Removal Ex. A. Therefore, the case was not removable as a diversity action and remand is appropriate.

**Conclusion**

Accordingly, the Court recommends granting Plaintiff's oral motion to remand. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: October 19, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge